IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

CEDEAL HARPER,

       Petitioner,

v.                                    CIVIL ACTION NO.  3:13-23467

DAVID BALLARD, Warden,
Mount Olive Correctional Center,

       Respondent.

## MEMORANDUM OPINION AND ORDER

Currently pending before this Court is a *pro se* Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (ECF No. 2) and five incidental motions (ECF Nos. 3, 12, 13, 15, & 28) filed by Cedeal Harper in which he challenges his 2006 conviction by jury of first degree murder. Both Petitioner and Respondent David Ballard, Warden of Mount Olive Correctional Center, also have filed motions for summary judgment. ECF Nos. 10, 17, & 21. This action was referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has submitted findings of fact and recommended that this Court grant Respondent's motion for summary judgment on the grounds that Petitioner procedurally defaulted on his federal habeas claims, deny Petitioner's motion for summary judgment, deny Petitioner's other motions as moot, and dismiss this action with prejudice. Petitioner objects to the Magistrate Judge's findings and recommendations on a number of grounds. ECF Nos. 37 & 38.

In the Proposed Findings and Recommendations, the Magistrate sets forth the background and procedural history of this case. In general, after his 2006 conviction in State court, Petitioner failed to file a direct appeal to the West Virginia Supreme Court of Appeals, despite several re-sentencings which allowed him to do so. Instead, on December 12, 2008, Petitioner timely filed a Petition for a Writ of Habeas Corpus in Circuit Court of Cabell County. While his State petition was pending, he filed a federal habeas action pursuant to § 2254 with this Court on March 6, 2012. *Harper v. Ballard,* Civ. Act. No. 3:12-00653. The federal action ultimately was dismissed without prejudice on January 24, 2013, for failing to exhaust State remedies. *Harper v. Ballard*, 2013 WL 285412, Civ. Act. No. 3:12-cv-00653 (S.D. W. Va. Jan. 24, 2013). Thereafter, the State circuit court denied the habeas petition pending before it. Petitioner appealed that decision to the West Virginia Supreme Court of Appeals on June 3, 2013. A Scheduling Order was entered, and he was required to perfect his appeal by September 16, 2013.

On July 19, 2013, Petitioner sought leave to exceed the page limit for his appeal. His request was denied. On August 6, 2013, he filed a motion to reconsider the page limit requirement. His motion was denied on November 6, 2013, and he was directed to submit a brief on or before December 30, 2013. In the meantime, Petitioner filed the instant habeas Petition with this Court on September 23, 2013. Given that his case was filed before the West Virginia Supreme Court ruled on the appeal, Respondent filed a motion for summary judgment for failing to exhaust his State remedies. Petitioner responded that he has fulfilled his exhaustion requirement or, in the alternative, exhaustion is futile because the West Virginia Supreme Court would not allow him to exceed the page limit and he had no intent of filing a shorter brief.

Petitioner then filed his motion for summary judgment in this habeas action and, on March 11, 2014, filed a motion to withdraw his State appeal. The West Virginia Supreme Court granted the motion on March 12, 2014.

As the motions for summary judgment were filed prior to Petitioner's withdrawal of his State appeal, the Magistrate Judge raised the issue of procedural default of his federal habeas claim s*ua sponte*. In order to give state courts the first chance to correct any alleged constitutional errors, it is a basic tenant that a state prisoner must exhaust all available state remedies before he applies for federal habeas relief. *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (citations omitted). "A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default. If a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). In addition, a habeas petitioner procedurally defaults when the "petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id*. (quoting *Coleman*, 501 U.S. at 735 n.1). "Where a state procedural rule is both adequate and independent, it will bar consideration of the merits of claims on habeas review unless the petitioner demonstrates cause for the default and prejudice resulting therefrom or that a failure to consider the claims will result in a fundamental miscarriage of justice." *McNeill v. Polk*, 476 F.3d 206, 211 (4th Cir.2007) (citing *Coleman*, 501 U.S. at 750).

Upon de novo review of the Proposed Findings and Recommendations, the Court completely agrees with the Magistrate Judge's finding that Petitioner never gave the State one full opportunity to resolve any of his alleged constitutional errors. The fact that Petitioner was unhappy with a reasonable page limit requirement for his State appellate brief does not mean he can simply bypass State review and pursue a federal remedy.[1] The Court completely rejects Petitioner's argument that he exhausted his State remedies or, in the alternative, exhaustion is futile because the West Virginia Supreme Court denied his request to exceed the page limit for his brief. Petitioner has no one to blame other than himself for the procedural posture of his case, and the fact he has procedurally defaulted on his federal habeas claim. It was Petitioner's own decision to withdraw his appeal of his State habeas claim that has caused his current situation. In addition, for the reasons fully explained by the Magistrate Judge, the Court finds Petitioner has failed to "demonstrate[] cause for the default and prejudice resulting therefrom or that a failure to consider the claims will result in a fundamental miscarriage of justice." *Id.*

Petitioner also argues that the Magistrate Judge erred by raising the issue of procedural default *sua sponte* without giving him "notice and a reasonable time to respond" before the court "grant[ed] the motion on grounds not raised by a party" as required by Rule 56(f) of the Federal Rules of Civil Procedure. However, the Magistrate Judge merely issued Proposed Findings and Recommendations, raising the issue of procedural default and recommending summary judgment in favor of Respondent. Petitioner received a copy of the Proposed Findings and Recommendations, and Petitioner filed a lengthy brief in response. Thus, Petitioner was given notice and a reasonable time to respond, and the Court rejects his argument.

---

[1] Rule 38 of the West Virginia Rules of Appellate Procedure sets a limit of 40 pages for a petitioner's brief.

Lastly, as an alternative to his substantive arguments, Petitioner requests that this Court dismiss this action without prejudice to allow him to go back and exhaust his State remedies. However, Petitioner was convicted in 2006 and never pursued a direct appeal to the West Virginia Supreme Court and he voluntarily withdrew his State habeas case. Petitioner has cited no authority which would allow him to go back to State court. Thus, at this time, the Court finds no reason to dismiss this case without prejudice.

Accordingly, upon de novo review, the Court **ACCEPTS AND INCORPORATES HEREIN** the Proposed Findings and Recommendations of the Magistrate Judge, **DENIES** the Petition for a Writ of Habeas Corpus (ECF No. 2), **GRANTS** Respondent's Motion to for Summary Judgment (ECF No. 10), **DENIES** Petitioner's Motion for Summary Judgment (ECF Nos. 17 & 21), and **DENIES AS MOOT** Petitioner's five incidental motions. ECF Nos. 3, 12, 13, 15, & 28. The Court **DISMISSES** this action **WITH PREJUDICE** from the docket of the Court.

The Court additionally has considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The

Court concludes that the governing standard is not satisfied in this instance. Accordingly, the Court **DENIES** a certificate of appealability.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and the defendant, the Unites States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

        ENTER:       September 10, 2014

_____
ROBERT C. CHAMBERS, CHIEF JUDGE